IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY HERNANDEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) No. 15-cv-07865 |
| CIVIS ANALYTICS, INC. and ALAN FU, | ) ) |
| Defendants. | ) ) ) ) |

**MOTION TO DISMISS DEFENDANT ALAN FU FROM PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant Alan Fu ("Defendant Fu"), by and through his attorneys, Nadine C. Abrahams and Natalie S. Federle of Jackson Lewis, P.C., and pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), respectfully submits the following Motion to Dismiss Defendant Fu ("Motion") from Plaintiff's Complaint ("Complaint"):

1. Defendant Fu moves to dismiss himself from the Complaint, with prejudice, for the reasons stated in his Memorandum in Support of this Motion, which was filed contemporaneously with this Motion on October 26, 2015.

2. Plaintiff alleges that Defendants discriminated against him during his employment at Civis Analytics, Inc. ("Civis") under 42 U.S.C. §1981, which provides that "all persons shall have the same right in every State and Territory to make and enforce contracts…as is enjoyed as by white citizens." 42 U.S.C. §1981. At-will employment is considered a contract in the Seventh Circuit. *Jones v. SABIS Educ. Sys.*, 1999 U.S. Dist. LEXIS 6911, at *18 (N.D. IL. April

28, 1999). However, individual liability under §1981 requires a showing that the individual was personally involved in the acts of intentional discrimination of which the plaintiff complains. *Id*. at 21-22.

3. The Complaint does not state a claim for individual liability against Defendant Fu under 42 U.S.C. §1981 because Plaintiff does not allege that Defendant Fu was personally involved in any alleged discrimination against Plaintiff, and the lone fact in support of Plaintiff's claim of individual liability against Defendant Fu does not demonstrate discrimination.

4. Thus, Defendant Fu moves to dismiss himself because the Complaint does not allege sufficient facts to state a cause of action against him pursuant to Rule 12(b)(6).

5. Defendant incorporates the other arguments and contents of its Memorandum in Support of this Motion as if fully stated herein.

WHEREFORE, for the reasons stated in this motion and in the memorandum in support of this motion, Defendant Fu respectfully requests an order granting the Motion to Dismiss Defendant Alan Fu and that the Court enter judgment in his favor and against Plaintiff Troy Hernandez, with prejudice, and for any other or additional relief this Court deems just and proper.

        Respectfully submitted,
        ALAN FU,

Dated: October 26, 2015        By: \_\_\_/s Nadine C. Abrahams_____
                                        One of his Attorneys

Nadine C. Abrahams
Natalie S. Federle
JACKSON LEWIS P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
(312) 787-4949
(312) 787-4995 Fax

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on this 26th day of October, 2015 a true and correct copy of the foregoing *Motion to Dismiss Defendant Alan Fu From Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b) (6)* and *Memorandum in Support of Motion to Dismiss Defendant Alan Fu From Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b(6)* were electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record for Plaintiff, including:

> Julie O. Herrera
> Law Office of Julie O. Herrera
> 53 W. Jackson
> Suite 1615
> Chicago, IL 60604
> (312) 697 0022
> Fax: 312-697-0812
> Email: jherrera@julieherreralaw.com

.

/s Natalie S. Federle
Natalie S. Federle