## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TROY HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 15-cv-07865 |
| CIVIS ANALYTICS, INC. and ALAN FU, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANT ALAN FU'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS DEFENDANT ALAN FU FROM THE COMPLAINT WITH PREJUDICE**

Defendant Alan Fu ("Defendant" or "Fu"), by and through his attorneys, Nadine C. Abrahams and Natalie S. Federle of Jackson Lewis, P.C., and pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), respectfully submits the following Memorandum of Law in Support of his Motion to Dismiss Defendant Alan Fu ("Motion") from Plaintiff's Complaint ("Complaint" or "Compl."):

### I. INTRODUCTION

Plaintiff, a former Civis Analytics ("Civis") employee, brings this cause of action pursuant to 42 U.S.C. §1981 ("§1981") alleging that he was discriminated against during his employment at Civis because of his Mexican ancestry and descent, and because white, non-Hispanic employees were treated better by Defendants Civis and Fu.[1] (Compl. ¶¶ 9, 12) Plaintiff

---

[1] It is worth noting that "a claim of discrimination based solely on national origin is not actionable under §1981." *Hampson v. Board of Education*, 1986 U.S.Dist. LEXIS 22552, at *12 (N.D.IL July 18, 1996)(dismissing §1981 claim where discrimination alleged to be based upon national origin). Here, Plaintiff alleges that the purported discrimination occurred because he is "of Mexican ancestry" and "descent," and that other "white, non-Hispanic" employees were treated more favorably. (Compl. ¶¶ 9, 12, 14, 15, 17, 18) However, Plaintiff never alleges that he is, in fact, Hispanic.

brings this suit against Civis and Civis's Chief Financial Officer ("CFO"), Fu, individually. Plaintiff contends that Defendant Civis delayed in hiring him, paid him less than white, non-Hispanic employees, and promoted white, non-Hispanic men, but did not promote him. (Compl. ¶¶ 12, 14, 18) Further, Plaintiff purports to state a claim against Fu by relying upon one innocuous alleged comment. Plaintiff's allegation against Fu fails to satisfy even the most basic requirements of §1981 and Rule 12(b)(6): Fu is not alleged to have been a decision maker relative to any employment decisions related to or impacting Plaintiff; and there is no connection between the alleged comment and Defendant Civis's alleged discrimination. Thus, the Complaint does not, and cannot, sufficiently allege §1981 discrimination against Fu and he should be dismissed from this action with prejudice.

## II. RELEVANT FACTUAL STATEMENT[2]

Plaintiff was hired by Civis on May 19, 2014, after applying for a position a few months earlier. (Compl. ¶¶ 10, 11) Plaintiff was hired at a salary of $78,000, which he alleges was less than his white, non-Hispanic peers. (Compl. ¶¶ 12-15) Plaintiff received a pay raise less than a year later, in early 2015. (Compl. ¶ 15) According to Plaintiff, several white, non-Hispanic men were promoted in early February 2015. Plaintiff, however, was not promoted at that time despite his qualifications allegedly being equal to, or greater than, those who were promoted. (Compl. ¶¶ 18-19) Plaintiff also describes three incidents that allegedly occurred during his employment and which he contends demonstrate racial animus. (Compl. ¶¶ 16, 17, 20) One incident relates to Fu: Plaintiff alleges that upon receiving a message in Spanish from an employee, Fu responded to that employee (and to that employee only): "I don't speak poor what does that

---

[2] As required for a 12(b)(6) Motion, for purposes of this Motion only, Defendant Fu accepts as true the allegations set forth in the Complaint and re-states the facts as Plaintiff has alleged. Defendants reserve their right to dispute Plaintiff's allegations in the event that the Motion is not granted, and deny and dispute Plaintiff's allegations for all other purposes.

mean?"  (Compl. ¶ 16)  The Complaint does not attribute any other conduct or statements to Fu, or any connection between Fu and Plaintiff.  (Compl. ¶¶ 1-24)   Plaintiff voluntarily resigned his position in May 2015.  (Compl. ¶ 21)

## III.    ARGUMENT

Plaintiff attempts to impose individual liability upon Defendant Fu based solely on one alleged comment made by Fu to an individual other than Plaintiff in which he purportedly replied "I don't speak poor what does that mean?" in response to a message in Spanish.  (Compl. ¶ 16.)  Such alleged comment, however, does not support a claim of discrimination – let alone individual liability against Fu – and Fu should be dismissed from the Complaint. The alleged off-hand, single remark made to a third-party cannot subject Fu to individual liability because it is unrelated to Plaintiff, generally, and Plaintiff's employment specifically.

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established with the allegations." *Jones v. SABIS Educ. Sys.*, 1999 U.S. Dist. LEXIS 6911, at *9-10 (N.D.IL. April 28, 2009), *citing Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).  A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 S.Ct. 544, 570 (2007).  Here, Plaintiff has failed to state any facts which, even if taken as true, impose individual liability on Fu under the legal standard of §1981, and, thus, Fu should be dismissed from the Complaint with prejudice.

### a. Defendant Fu Should Be Dismissed Because the Complaint Does Not Allege that Fu had Personal Involvement in Any Alleged Discrimination

First, Fu should be dismissed because Plaintiff has not alleged any facts that Fu was personally involved in any alleged discriminatory conduct against Plaintiff.  *Beckon v. Ill. DOT*,

2015 U.S. Dist. LEXIS 109849, at *9 (N.D.IL., August 20, 2015)(dismissing the individual supervisors where the complaint did not allege any facts regarding the individual supervisors' personal involvement in the plaintiff's suspension and termination). Individual liability under §1981 requires that the individual defendant have personal involvement in the alleged discrimination against the Plaintiff. *Id., citing Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir. 1985)("personal liability cannot be imposed on a corporate official for the corporation's violation of §1981 when that official is not alleged to have participated in the actual discrimination against the plaintiff.") Indeed, individual liability is generally premised on individual fault. *Id.* And Fu's position as Civis's CFO does not, in and of itself, impose liability on him. *Rainey v. Lipari Foods, Inc.*, 2014 U.S. Dist. LEXIS 116109, at * 4 (N.D. IL., August 20, 2014)(dismissing individual defendant, an officer of the company, in §1981 case where the complaint did not allege that the individual had any personal involvement in the alleged discrimination). Instead, personal involvement exists where the "misconduct occurs at [the individual's] discretion or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Harris v. Illinois*, 2014 U.S. Dist. LEXIS 82563, at *56 (N.D. IL., June 18, 2014); *see also Eberhardt v. Brown*, 2012 U.S. Dist. LEXIS 166058, at *14-15 (N.D.IL., November 20, 2012), *citing Johnson v. Snyder*, 444 F.3d 579, 2583-4 (7th Cir. 2006)(individual liability requires the plaintiff to establish that the individual was personally responsible for the deprivation of a constitutional right). Plaintiff's bald allegation against Fu does not demonstrate any personal involvement by him in alleged discrimination or indication that he facilitated, approved or condoned the behavior.

Because the Complaint does not link Fu to the discrimination Plaintiff complains of, Plaintiff is foreclosed from alleging individual liability against Fu. *See Eberhardt*, 2012 U.S.

Dist. LEXIS 166058, at *14-15 (dismissing individual defendant where plaintiff provided only general statements relating to alleged discrimination over the course of his employment and does not specifically connect the individual defendants to any specific misconduct.); *Jones v. SABIS Educ. Sys.*, 1999 U.S. Dist. LEXIS 6911, at *22 (N.D.IL. April 28, 2009)(dismissing individual defendants where complaint alleged only that they "joined in support" of plaintiff's termination, which falls short of required personal involvement.)

### b. Defendant Fu Should Be Dismissed Because the Stray Remark He Allegedly Made Does Not Support a Claim of Discrimination

Second, the one allegation attributed to Fu – the alleged comment about not speaking "poor" - has no link whatsoever to the alleged discrimination against Plaintiff (or even generally to Plaintiff), and is, thus, insufficient to support an allegation of discrimination under §1981. Instead, Plaintiff alleges only that the comment was made to another employee, and that the mere existence of the comment necessarily shows that Fu has racial animus toward Hispanics. Moreover, Plaintiff has failed to allege that Defendant Fu was a decision maker with regard to any alleged discriminatory actions that Civis took against Plaintiff. Even if Fu was alleged to have been a decision maker, which he was not, a comment made by a decision-maker, or one who provides input into the decision, is actionable only where it was made (1) around the time of, and (2) in reference to, the adverse employment action complained of. *Id.*, *citing Gorence v. Eagle Food Centers*, 242 F.3d 759, 762 (7th Cir. 2001). Plaintiff fails to allege any such thing: he states only that Fu allegedly made a comment, to a third-party, about "speaking poor" in response to being asked to interpret something in Spanish. Plaintiff does not allege that Fu was the decision-maker, or that his comment was made around the time of, and in reference to, any of the alleged discriminatory acts.

Finally, it is well established in the Seventh Circuit that "stray remarks in the work place" do not, in and of themselves, constitute discrimination. *Hamilton-Hayyim Jackson*, 2013 U.S. Dist. LEXIS 107060, at \*23-24 (N.D. IL. July 31, 2013), *citing Cowan v. Glenbrook Sec. Servs.*, 123 F. 3d 438, 444 (7th Cir. 1997). Indeed, "standing alone, biased comments do not establish discriminatory motive *unless they were by the decision maker and can be connected to the decision*. Isolated comments that are no more than stray remarks in the workplace are insufficient to establish that a particular decision was motivated by discriminatory animus." *FirstMerit Bank, N.A. v. Stave Props.*, 29 F.Supp.3d 1151, 1154 (N.D.IL 2014)(dismissing §1981 counterclaim where comment "It's enough, Joe. We normally don't give loans to Hispanics. Consider yourself lucky," did not rise to the level of discrimination, especially where there was no nexus between the purported bias and the alleged discrimination), *citing Perez v. Thorntons, Inc.*, 731 F.3d 699, 709 (7th Cir. 2013)(emphasis added). Moreover, even if Fu's alleged comment was bigoted, that alone is not sufficient to establish a claim of discrimination because bigotry, *per se*, is not actionable; instead there must be a link between the alleged bigotry and the adverse employment action at issue. *Jordan v. Chi. Transit Auth.*, 2004 U.S. Dist. LEXIS 9458, at \*12 (N.D.IL May 25, 2014)(finding no evidence of discrimination where alleged remarks were not made by decision-makers near the time of, or in reference to, any adverse employment action at issue.)

Thus, even taking Plaintiff's allegations as true they do not state a claim against Fu because they do not meet the basic showing required under §1981 and Rule 12(b)(6). Therefore, Fu should be dismissed, with prejudice, from the Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claim against Defendant Fu is fatally flawed. Accordingly, Defendant Fu respectfully requests that this Court dismiss Plaintiff's claim against Defendant Fu, with prejudice, pursuant to Rule 12(b)(6), as well as award any other relief this Court deems just and equitable.

Respectfully submitted,

Dated:  October 26, 2015                                    **ALAN FU**

By: /s/ Nadine C. Abrahams
    One of His Attorneys

Nadine C. Abrahams
Natalie S. Federle
JACKSON LEWIS P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
(312) 787-4949
(312) 787-4995 Fax