**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TROY HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-CV-7865 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| CIVIS ANALYTICS, INC. and ALAN FU, | ) | |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**DEFENDANT CIVIS ANALYTICS, INC.'S ANSWER AND DEFENSES TO
PLAINTIFF'S COMPLAINT**

Defendant Civis Analytics, Inc. ("Defendant Civis"), by and through its attorneys

Nadine C. Abrahams and Natalie S. Federle of Jackson Lewis P.C., for its Answer and

Affirmative and other Defenses to the Complaint of Plaintiff Troy Hernandez ("Plaintiff"), states

as follows:[1]

**JURISDICTION**

1.       This is a civil action arising under 42 U.S.C. 1981.

**RESPONSE:** Defendant Civis admits that Plaintiff purports to bring a claim pursuant to 42

U.S.C. § 1981.  Defendant denies that it took any action in violation of § 1981.

2.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 (federal
question).

**RESPONSE:**  Defendant Civis admits the allegations in Paragraph No. 2

---

[1]       Defendant Alan Fu has filed a contemporaneous Motion to Dismiss him from the lawsuit.  Accordingly, he
does not Answer the Complaint herein.

3.   Venue is proper in this judicial district because the acts complained of arose in this district.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 3.  Defendant Civis denies it engaged in any unlawful conduct.

## PARTIES AND VENUE

4.   Plaintiff TROY HERNANDEZ was employed by CIVIS from June 2014-May 2015.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 4.

5.   Defendant CIVIS ANALYTICS, INC. ("CIVIS") is a Delaware corporation.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 5.

6.   CIVIS is a data science advisory and technology firm based in Chicago, Illinois.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 6.

7.   ALAN FU ("FU") is the Chief Financial Officer of CIVIS.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 7.

## COUNT I:  SECTION 1981 VIOLATION

8.   HERNANDEZ has a PhD in Statistics, an MS in Mathematics, and a BS in Mathematics.

**RESPONSE**   Defendant Civis admits that Plaintiff purports to have a PhD in Statistics, an MS in Mathematics, and a BS in Mathematics.  Defendant Civis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 8.

9.    HERNANDEZ is of Mexican ancestry.

**RESPONSE:** Defendant Civis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 9.

10.    HERNANDEZ applied to CIVIS in February of 2014.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 10.

11.    He was not hired until May 19, 2014.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 11.

12.    CIVIS delayed in hiring him because he is of Mexican descent.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 12.

13.    HERNANDEZ was hired at a salary of $78,000.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 13.

14.    This pay was significantly less than the salary offered to his white, non-Hispanic peers.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 14.

15.    Despite a pay raise in early 2015, HERNANDEZ continued to be paid less than comparable (or less qualified) white, non Hispanic employees throughout his time at CIVIS.

**RESPONSE:** Defendant Civis admits that Plaintiff received a pay raise in February 2015. Defendant Civis denies the remaining allegations in Paragraph No. 15.

16.    During HERNANDEZ' employment, FU revealed his animus toward Hispanics in a variety of ways.  As one example, when an employee sent him a message in Spanish, he replied "I don't speak poor what does that mean?"

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 16.

17.     Animus was also shown by a Vice President and Co-Founder.  In a conversation HERNANDEZ had with her about hiring more diverse staff in late January 2015, she said CIVIS cannot afford to "train people on the job," showing that CIVIS as a company presumes that minorities are less competent than non-Hispanic whites and will need more training.  (Meanwhile, non-Hispanic white males were trained on the job and no one said that doing so was a waste of time or resources).

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 17.


18.     In early February 2015, several white, non-Hispanic men were promoted.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 18.


19.     HERNANDEZ was not promoted although he was just as qualified as they were, if not more so.

**RESPONSE:** Defendant Civis admits that Plaintiff was not promoted. Defendant Civis denies

the remaining allegations in Paragraph No. 19.


20.     Animus at CIVIS was further shown in late February 2015, when the VP of Research and Development heard a co-worker tell HERNANDEZ he had a "fake Mexican last name," implying that he thought HERNANDEZ did not qualify as being a "real" Mexican.  This VP did nothing in response to this comment.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 20.


21.     HERNANDEZ quit in May 2015.

**RESPONSE:** Defendant Civis admits the allegations in Paragraph No. 21.


22.     The actions and omissions of CIVIS and FU violate 42 U.S.C. § 1981.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 22.


23.     As a result of defendants' actions, HERNANDEZ has suffered lost earning potential and emotional distress and has had to hire an attorney to help him remedy the violation of his federally protected rights.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 23.

24. Defendants' actions were done with reckless indifference to HERNANDEZ' rights and necessitate an award of punitive damages to punish them and others like them from committing such conduct in the future.

**RESPONSE:** Defendant Civis denies the allegations in Paragraph No. 24

WHEREFORE plaintiff requests that judgment be entered in his favor and against defendants and that he be awarded all remedies to which he is entitled under the law, including but not limited to compensatory damages, punitive damages, and attorney's fees and costs.

**RESPONSE**: Defendant Civis denies that it engaged in any unlawful conduct and further denies that Plaintiff is entitled to any damages.

## JURY TRIAL DEMAND

The plaintiff demands trial by a jury.

**ANSWER:** Defendant Civis admits that Plaintiff demands a trial by jury, but denies that Plaintiff's claims give rise to triable issues.

## AFFIRMATIVE AND OTHER DEFENSES

1. Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction.

2. To the extent any alleged intentional discriminatory conduct was committed by Defendant's agents (which Defendant denies), said conduct was outside the scope of the agent's authority and was contrary to Defendant's good faith efforts to comply with federal and state law.

3. To the extent that Defendant engaged in any unlawful conduct in connection with Plaintiff's employment (which Defendant expressly denies), Defendant would have engaged in the same course of conduct based on legitimate, non-discriminatory reasons.

4.      Plaintiff did not suffer any damages attributable to any actions or omissions by Defendant.

5.      Plaintiff cannot recover punitive damages because, at all relevant times, Defendant made a good-faith effort to comply with all applicable discrimination statutes

6.      Any recovery on Plaintiff's Complaint is barred on the grounds that Plaintiff has unclean hands with respect to the matters alleged in the Complaint.

7.      Plaintiff's recovery is limited to the extent that he failed to mitigate his damages.

8.      Defendant reserves the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Defendant Civis Analytics, Inc. denies Plaintiff is entitled to judgment in any sum whatsoever and prays that this action be dismissed and that Defendant be awarded its costs and attorneys' fees incurred in obtaining such dismissal and any other relief that the Court deems just and appropriate.


Dated:  October 26, 2015                    **CIVIS ANALYTICS, INC.**


                                             By: /s/ Nadine C. Abrahams_____

                                                  One of Its Attorneys


Nadine C. Abrahams
Natalie S. Federle
Jackson Lewis P.C.
Firm #39408
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:    312.787.4949
Fax:    312.787.4995
Email: abrahamsn@jacksonlewis.com
        natalie.federle@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Nadine C. Abrahams, an attorney, certify that on this <u>26th</u> day of October, 2015, a true and correct copy of the foregoing **Defendant's Answer and Defenses to Plaintiff's Complaint** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record for Plaintiff, including:

        Julie O. Herrera
        Law Office of Julie O. Herrera
        53 W. Jackson
        Suite 1615
        Chicago, IL 60604
        (312) 697 0022
        Fax: 312-697-0812
        Email: jherrera@julieherreralaw.com

        /s/ Nadine C. Abrahams