IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TROY HERNANDEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 15-cv-7865 |
| v. | ) | Judge Amy J. St. Eve |
| CIVIS ANALYTICS, INC., and ALAN FU, | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT ALAN FU'S MOTION TO DISMISS**

NOW COMES Plaintiff, TROY HERNANDEZ, by counsel, and in response to the Motion to Dismiss Defendant Alan Fu from Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(B)(6), states as follows:

**INTRODUCTION**

On September 8, 2015, TROY HERNANDEZ (hereinafter referred to as "Hernandez") filed his Complaint against Defendants CIVIS ANALYTICS, INC. (hereinafter referred to as "Civis") and ALAN FU (hereinafter referred to as "Fu"). [Document #1]. On October 26, 2015, Fu moved to dismiss himself from the Complaint arguing that Hernandez failed to state a claim against him as an individual because he did not specifically allege that Fu was personally involved in any discriminatory action. [Document #11]. But, when making all reasonable inferences in Hernandez's favor, it is clear that he has stated a claim against Fu, the certified financial officer ("CFO") of Civis, based on his role as CFO and his responsibility in determining and/or overseeing the salaries of Hernandez and other Civis employees. If the Court finds that Hernandez's Complaint does fail to state a claim against Fu on its face, it is now

1

clear that Hernandez is capable of alleging such a claim, and that Fu cannot be dismissed from Hernandez's case at this stage.

**STANDARD FOR MOTIONS TO DISMISS PURSUANT TO RULE 12(B)(6)**

A Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir.1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly*, 550 U.S. at 555). That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Twombly*, 550 U.S. at 557.

A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself could these things have happened, not did they happen.'" *Id.* (emphasis there). "The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Huri v. Off. of the C.J. of the Cir. Ct.*

2

*of Cook County*, 2015 WL 6388837, at *4 (7th Cir. Oct. 21, 2015) (*citing Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir.2015)). Further, the Court, in ruling on a 12(b)(6) Motion to Dismiss, must accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir.2005).

## ARGUMENT

Hernandez clearly stated a claim against Fu in his Complaint, and even if he did not, he can now do so. In his Complaint, Hernandez alleged that Fu was the CFO of Civis and that he actually demonstrated a racial animus against Hispanics, directly related to their pay, by replying "I don't speak poor" to an email message sent in the Spanish language. [Document #1, at ¶¶ 7, 16]. It is reasonable to infer that Fu, as CFO of Civis, was involved in the salary determinations that Hernandez complains of. At the very least, it is reasonable to infer that he had direct knowledge, as the head of its finances, that Civis was unlawfully paying Hernandez less than comparable non-Hispanic, non-Mexican employees, and *did nothing* to correct or prevent it. Further, even if Fu is correct that Hernandez's Complaint was insufficient on its face to state a claim against Fu, Hernandez now alleges, on information and belief, that Fu was directly involved in setting his salary lower than those of comparable non-Hispanic, non-Mexican employees. In support of this belief, Hernandez alleges that Fu is the person that Hernandez negotiated his original salary with and that Fu has bragged about lowering salaries since joining Civis as its CFO. Thus, Hernandez's complaint simply cannot be dismissed at this point, and discovery can be reasonably expected to reveal that Fu is personally liable for Hernandez's unequal, discriminatory pay. Further, Defendant fails to point to any reason why, if Hernandez's complaint was insufficient, it should be dismissed with prejudice; this is an absurd position to

take when Hernandez can simply amend his Complaint to satisfy this Court and properly state a claim, or at the very least, the Court can simply dismiss this claim against Fu with leave to re-file it with additional supporting facts.

> I. *Hernandez has stated a claim against Fu simply by alleging that he was the CFO of Civis because it is reasonable to believe that, as CFO, Fu determined Hernandez's and other Civis employees' salaries, or that he had knowledge of these salaries and did nothing about the discriminatorily unequal pay.*

Fu argues that Hernandez's Complaint was insufficient because he failed to allege that Fu was involved in decision making relevant to the employment decisions Hernandez complained of. [Document #12, at Introduction]. But, a natural and reasonable inference of Hernandez's Complaint is that Fu *was* responsible for setting his salary lower than comparable non-Hispanic, non-Mexican employees.

It is true that "personal liability cannot be imposed on a corporate official for the corporation's violation of section 1981 when that official is not alleged to have participated in the actual discrimination against the plaintiff." *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985). But, a "defendant may be personally liable 'if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent… [t]hat is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye.'" *Harris v. Illinois*, 753 F. Supp. 2d 734, 738 (N.D. Ill. 2010) (citing *Hildebrandt v. Ill. Dep't of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir.2003) (*quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995)). Thus, for example, this "element of personal involvement may be satisfied by proof that a supervisor had knowledge of the alleged acts of discrimination and failed to remedy or prevent them." *James F. Jackson v. Loc. 705, Intern. Broth. of Teamsters, AFL-CIO*, 2002 WL 460841, at *9

(N.D. Ill. Mar. 26, 2002) (Judge Gottschall) (*citing Amin v. Quad/Graphics, Inc.*, 929 F.Supp. 73, 78 (N.D.N.Y.1996)).

Here, Hernandez has properly alleged that Fu was personally responsible either for being the decision-maker behind his discriminatorily lower pay, or for being naturally privy to knowledge that Civis was paying Hernandez less than comparable non-Hispanic, non-Mexican employees and not doing anything to prevent or correct it. Thus, Fu's belief that Hernandez's claim against him is "based solely on one alleged comment made by Fu to an individual other than [Hernandez]" is simply incorrect. [Document #12, at Argument]. Hernandez based his claim on the fact that Fu was the CFO of Civis *and* the fact that Fu has also demonstrated a racial animus against Hispanic employees and their financial status by making the aforementioned comment. [Document #1, at ¶¶ 7, 16]. It would be reasonable to infer that, as the CFO of Civis and as the sole executive named as a Defendant in the Complaint, Fu was indeed responsible for Hernandez being discriminatorily paid less than the amounts paid to comparable non-Hispanic, non-Mexican employees. Thus, knowing his role at Civis better than anyone, Fu cannot reasonably argue that he was not given "fair notice of what the… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). The claim is that Civis discriminated against Hernandez by paying him less than non-Hispanic, non-Mexican employees and Fu was personally involved in the decision to do so, or had knowledge of such discrimination and turned a blind eye.

Unlike in *Rainey v. Lipari Foods, Inc.*, 2014 WL 4182662 (N.D. Ill. Aug. 20, 2014) (Judge Der–Yeghiayan), where the court found it was "not plausible to suggest that the President and CEO would have taken an active part in the hiring of drivers at an open house," it is plausible

that the Fu, as the CFO of Civis, and overseer of its finances, had an active role in determining or approving the salaries of its employees. *Rainey*, at *2. In fact, it clearly is plausible he was directly responsible for this discrimination based on his CFO status, as Hernandez now alleges in this memorandum that Fu initially negotiated with Hernandez over his starting salary and that Fu has even bragged about bringing down salaries since becoming CFO. Moreover, it is more plausible that Fu at least had knowledge, in his role as the Certified *Financial* Officer, of the salaries of Civis employees, knew that Hernandez was discriminatorily being paid less than non-Hispanic, non-Mexican employees, and did nothing to correct or prevent it. Clearly, "if discovery goes [Hernandez's] way, [he] could prove [his] case" against Fu. *Huri*, 2015 WL 6388837, at *5. Therefore, Hernandez's Complaint cannot be dismissed, and there is certainly no reason it should be dismissed with prejudice if the Court finds Defendant's position persuasive.

## II. *Even if Hernandez's Complaint was insufficient to state a claim against Fu, Hernandez now alleges that Fu was directly involved in the determination of his salary.*

Regardless of the sufficiency of his Complaint, Hernandez can clearly state a claim against Fu today. "A plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Early v. Bankers Life & Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992) (*citing Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir.1985)).

As stated in the previous section, Hernandez now alleges that Fu was the person that he negotiated his initial salary with. He further alleges that Fu bragged to another Civis employee that he had lowered salaries since starting at Civis – evidencing his involvement in setting and determining salaries of Civis employees. Combined with the facts alleged in the Complaint and

6

making all reasonable inferences in favor of Hernandez, it is clear that he can allege a claim against Fu. Hernandez claims that Fu directly and discriminatorily set his salary lower than comparable non-Hispanic, non-Mexican employees, and/or that he had knowledge, as the CFO who oversaw salaries at Civis, that Hernandez was being discriminated against in pay and condoned it, approved it, or at the very least, turned a blind eye to it. This is all that he needs to allege at the pleadings stage – it is plausible that, as the person who initially set Hernandez's salary and as the CFO who bragged about lowering salaries (and thus who can reasonably be inferred to be in charge of or oversee salaries), Fu meets the level of personal involvement required for individual liability under Section 1981. *Twombly*, 550 U.S. at 557. In fact, it is actually more than plausible – it is probable, as it is nearly inconceivable to imagine that Fu was not involved in the decision to pay Hernandez less, based on Hernandez's past dealings with him and his position as CFO. Again, "if discovery goes [Hernandez's] way, [he] could prove [his] case" against Fu. *Huri*, 2015 WL 6388837, at *5.

Thus, if the Court finds Hernandez's Complaint insufficient on its face, it should simply grant him leave to amend his complaint to include the facts above. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. If the Court finds justice does not require it, then it should dismiss Fu without prejudice, so that Hernandez can re-file a claim against Fu, especially because discovery in the remaining case would likely reveal documents and testimony further evidencing Fu's personal involvement.

> III. *Hernandez has stated a claim against Fu that he can prove through the indirect method. Regardless, a jury could find Fu's "one stray comment" to be related to Hernandez's discriminatorily unequal pay, and it is therefore direct evidence that can support a claim for discrimination capable of being proved by the direct method, after discovery is conducted.*

Fu essentially attempts to claim that he must be dismissed because his one incredibly offensive statement that he does not speak "poor" when responding to an email in Spanish does not show that he discriminated against Hernandez. [Document #12, at Argument Section (b)]. Hernandez does not argue that this one comment alone constituted discrimination against him, essentially rendering Fu's argument here irrelevant. Rather, Hernandez included the allegation in his Complaint because, combined with the other allegations in the Complaint, it makes it more plausible that Fu was responsible for the discrimination against him. Indeed, this comment makes it more likely that Fu harbors a discriminatory animus against Hispanic and/or Mexican people and more likely that his involvement in paying Hernandez less because was actually motivated by such a discriminatory animus – that he viewed Hispanics and Mexicans as "poor," justifying Hernandez's lower pay in his mind. Again, as explained in the previous sections of this memorandum, Hernandez's claim against Fu is that he, as the CFO who was personally responsible for salaries of Hernandez and other Civis employees and who harbored a discriminatory animus against Hispanic and Mexican people, was personally involved in discriminatorily setting Hernandez's salary lower than those of non-Hispanic, non-Mexican employees. Hernandez does not have to prove his case at this point - he merely needs to state plausible claim – which he has done. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). This is plenty to proceed to discovery on.

Fu then argues that even if Hernandez did allege Fu's personal involvement (which he has, as explained above), Fu's one remark is inadequate to state a claim. But the cases Fu relies

upon were all decided on summary judgement *after the plaintiffs were allowed to obtain discovery on their claims*, were not alleged in conjunction with an actual adverse action, and/or only considered plaintiff's failure to state a claim that would proceed on the direct method of proving discrimination. *Jordan v. Chicago Transit Auth.*, 01 C 8203, 2004 WL 1375405, at *7 (N.D. Ill. May 25, 2004) (determining, *on a summary judgment motion*, that stray bigoted remarks could not establish a prima facie case of discrimination under the direct method); *Hamilton-Hayyim v. Jackson*, 2013 WL 3944288, at *8 (N.D. Ill. July 31, 2013) (holding that "without any further factual allegations or additional context" the plaintiff's discrimination claim had to be dismissed – there was no adverse action complained of other than the stray remarks themselves); *FirstMerit Bank, N.A. v. Stave Properties, Inc.*, 29 F. Supp. 3d 1151, 1153 (N.D. Ill. 2014) (finding one stray bigoted comment by a bank's loan officer insufficient to allege discrimination where there was no nexus between it and the bank's allegedly discriminatory actions *and where no evidence that non-Hispanics were treated differently than the way the Hispanic cross-claimant alleged he was treated*).

It is clear that, in the cases Fu relies upon, the "one stray remark" evidence rule applies analytically in the context of plaintiffs proceeding on the direct method of proving discrimination, not on the indirect method. *Jordan*, 2004 WL 1375405, at *7 (stating, on summary judgment, "stray remarks do not constitute *direct evidence of discrimination*, in the context of plaintiff's failure to state a *prima facie* claim of discrimination under the direct method); *Hamilton-Hayyim v. Jackson*, 2013 WL 3944288 at *8 (dismissing discrimination claim in favor of defendant based on "one stray remark" rule, but where the plaintiff did not offer any evidence that similarly-situated employees outside her class were treated differently, unlike here). The point is that Hernandez may be able to show discrimination through the direct method (his Complaint gives rise to a reasonable expectation that discovery would reveal more evidence in his favor) *or*

he may be able to show it through the indirect method. *Jordan*, 2004 WL 1375405, at *4 (*citing McDonnell Douglas*, 411 U.S. at 802) (explaining that "to establish a prima facie case of discrimination [through the indirect method], [a plaintiff] must show that (1) he is a member of a protected class, (2) he reasonably performed to the [employer's] expectations, (3) he was subject to an adverse employment action, and (4) he was treated differently from similarly situated employees who were outside of his protected group"). Because Hernandez has made allegations clearly indicating that he can proceed on his claim under the indirect method, it is simply nonsensical to dismiss Fu if the Court finds that Fu's comment is not direct evidence of discrimination. Hernandez has now alleged:

1) that Civis paid him less than comparable non-Hispanic, non-Mexican employees;
2) that he was paid less because he was Mexican and/or Hispanic;
3) that Fu was personally involved in his unequal pay;
4) and that Fu harbored an animus against Hispanic people.

Hernandez further alleges that he was meeting Civis' legitimate expectations, and in fact, was an exemplary employee. He can clearly proceed to discovery to prove his discrimination claim against Fu using the indirect method.

As if that were not enough to defeat this motion, Fu's comment cannot reasonably be classified as a "stray remark," as Fu calls it, because the comment directly relates to the discrimination Hernandez claims Fu is responsible for – paying people less because they are Hispanic and/or Mexican. Bigoted remarks can be direct evidence when there is a link between it and the employment action complained of. *Gorence v. Eagle Food Centers, Inc.*, 242 F.3d 759, 762 (7th Cir. 2001). Such a comment can be evidence "when the decision makers themselves, or those who provide input into the decision, express such feelings (1) around the time of, and (2)

in reference to, the adverse employment action complained of." *Id.* There *is* a link between the bigotry and the adverse employment action at issue here. For example, a jury could certainly find that Fu's classification as Spanish speakers as "poor" indicated that he actually chose to have Hispanic employees paid less because he viewed them as people who are less worthy or entitled to high pay or a position of wealth in today's society. Further, the comment was necessarily made "around the time of" the adverse employment action (Hernandez being paid unequally) because it was made during Hernandez's employment (during the entirety of which he was being paid unequally). [Document #1, at ¶ 16]; *Jordan*, 2004 WL 1375405, at *4 (*citing Gorence v. Eagle Food Centers, Inc.*, 242 F.3d 759, 762 (7th Cir.2001)).

Clearly, this is nothing like the situation in *FirstMerit Bank* where a loan officer for a bank made a statement that the bank usually does not provide loans to Hispanics because, in that case, there was no indication that the one comment, by a loan officer not in charge of the bank's standard policies, had anything to do with the bank's decision to merely adhere to its standard business practices, which the cross-claimant alleged were discriminatory. *FirstMerit Bank, N.A.*, 29 F. Supp. 3d at 1153. Hernandez has claimed discrimination based on Fu's involvement in his unequal pay, an adverse action, and has presented a bigoted comment by Fu relating to the financial position of Spanish speakers in our society, and thus to the unequal pay of Hernandez as a Hispanic and/or Mexican.

Regardless, Hernandez has alleged this comment in conjunction with what is otherwise clearly a plausible claim, as discovery can reasonably be expected to reveal evidence which Hernandez can use to prove Fu's decimation under the indirect method. Hernandez has done all he is required to do at this point in the litigation.

## CONCLUSION

WHEREFORE, Plaintiff requests that this Court deny Defendant's motion to dismiss in its entirety. If the court determines that Hernandez's Complaint is currently insufficient on its face to allege a claim against Fu, Hernandez requests leave to amend his Complaint to include the facts he alleged for the first time in this memorandum. Lastly, if the Court does neither of the above, Hernandez requests that any dismissal of Fu be granted without prejudice, and with leave to re-file Hernandez's claims against him.

                                                  BY:    <u>s/ Julie O. Herrera</u>
                                                                *Attorney for Plaintiff*

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812