# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TROY HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 7865 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| CIVIS ANALYTICS and ALAN FU, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendant Alan Fu's motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) without prejudice. [11]. The Court grants Plaintiff leave to amend his Complaint in accordance with this ruling by no later than December 11, 2015.

## STATEMENT

On September 8, 2015, Plaintiff Troy Hernandez filed the present employment discrimination claim against his former employer Defendants Civis Analytics, Inc. ("Civis") and Civis' Chief Financial Officer ("CFO") Alan Fu under 42 U.S.C. § 1981. Before the Court is Defendant Fu's motion to dismiss brought pursuant to Rule 12(b)(6). For the following reasons, the Court grants Defendant's motion to dismiss without prejudice and grants Plaintiff leave to amend his Complaint, as discussed below.

## BACKGROUND

In his Complaint, Hernandez alleges that Civis – a data science advisory and technology firm – employed him from June 2014 until May 2015. (R. 1, Compl. ¶¶ 4, 6.) Hernandez alleges that he has a Ph.D in Statistics, and Masters in Science and Bachelors of Science degrees in Mathematics. (*Id*.) According to Hernandez, although he applied to Civis in February 2014, Civis delayed hiring him until May 19, 2014, because he is of Mexican descent. (*Id*. ¶¶ 10, 11, 12.) He further maintains that Civis paid him significantly less than his white, non-Hispanic peers. (*Id*. ¶¶ 14, 15.)

Furthermore, Hernandez alleges that Defendant Fu, the Vice President, Co-Founder, and CFO of Civis, told Hernandez that Civis cannot afford to train people on the job implying that Civis considered minorities less competent than non-Hispanic whites. (*Id*. ¶ 17.) Hernandez additionally alleges that Defendant Fu and another Vice President made derogatory comments about Mexicans. (*Id*. ¶¶ 16, 20.) Also, Hernandez asserts that Civis promoted non-Hispanics in 2015, but did not promote him although he was just as qualified as they were. (*Id*. ¶¶ 18, 19.) In May 2015, Hernandez quit his position at Civis. (*Id*. ¶ 21.)

## LEGAL STANDARDS

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014). The relevant question at the motion to dismiss stage is not whether the plaintiff will ultimately prevail on the merits, but whether the complaint is sufficient to cross the federal pleading threshold. *See Skinner v. Switzer,* 562 U.S. 521, 529-30, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011).

## ANALYSIS

In his motion to dismiss, Defendant Fu argues that Hernandez has failed to sufficiently allege his personal involvement in any of the alleged adverse employment actions. *See Smith v. Bray,* 681 F.3d 888, 896 (7th Cir. 2012) (when suing an individual under § 1981, plaintiff must show that the individual participated in adverse action). Indeed, it is well-settled that "personal liability cannot be imposed on a corporate official for the corporation's violation of section 1981 when that official is not alleged to have participated in the actual discrimination against the plaintiff." *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir. 1985). Here, although Hernandez alleges that Defendant Fu was the CFO, Vice President, and Co-Founder of Civis, Hernandez has not sufficiently alleged enough details to explain how Defendant Fu participated in his hiring decision, the decision not to promote him, and the decision not to pay him as much money as his non-Hispanic co-workers.

In response to the present motion, Hernandez urges the Court to make an inference that because Fu was Civis' CFO, he set Hernandez's salary and was involved in other employment decisions. Such an inference is not plausible due to the lack of detail regarding Defendant Fu's role within the company. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Hernandez also attempts to amend his allegations by adding facts in his legal memorandum, for example, he states that Fu negotiated with him regarding his starting salary. In general, alleging additional facts in a party's legal brief cannot be used to amend the complaint. *See Savage v. Finney,* No. 12 CV 2398, 2012 WL 2374687, at *3 (N.D. Ill. June 20, 2012). The better practice is for Hernandez to amend his allegations

2

regarding Fu's participation in the adverse actions.  Therefore, the Court grants Hernandez leave to amend his allegations regarding Defendant Fu keeping in mind counsel's Rule 11 obligations.

**Dated:**  November 20, 2015

_____
**AMY J. ST. EVE**
**United States District Court Judge**