IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TROY HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-CV-7865 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| CIVIS ANALYTICS, INC. and ALAN FU, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendants Civis Analytics, Inc. ("Defendant Civis") and Alan Fu ("Defendant Fu") (collectively "Defendants"), by and through their attorneys, Nadine C. Abrahams and Natalie S. Federle of Jackson Lewis P.C., for their Answer and Affirmative and other Defenses to the First Amended Complaint of Plaintiff Troy Hernandez ("Hernandez"), state as follows:

**JURISDICTION**

1. This is a civil action arising under 42 U.S.C. 1981.

**RESPONSE:** Defendants admit that Plaintiff purports to bring a claim pursuant to 42 U.S.C. § 1981. Defendants deny that they took any action in violation of § 1981.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 (federal question).

**RESPONSE:** Defendants admit the allegations in Paragraph No. 2

3. Venue is proper in this judicial district because the acts complained of arose in this district.

**RESPONSE:** Defendants admit the allegations in Paragraph No. 3. Defendants deny that they engaged in any unlawful conduct.

1

## PARTIES AND VENUE

4. Plaintiff Troy Hernandez was employed by Civis from June 2014-May 2015.

RESPONSE: Defendants admit the allegations in Paragraph No. 4.

5. Defendant Civis Analytics, Inc. ("Civis") is a Delaware corporation.

RESPONSE: Defendants admit the allegations in Paragraph No. 5.

6. Civis is a data science advisory and technology firm based in Chicago, Illinois.

RESPONSE: Defendants admit the allegations in Paragraph No. 6.

7. Alan Fu ("Fu") is the Chief Financial Officer of Civis.

RESPONSE: Defendants admit the allegations in Paragraph No. 7.

## COUNT I: SECTION 1981 VIOLATION

8. Hernandez has a PhD in Statistics, an MS in Mathematics, and a BS in Mathematics.

RESPONSE Defendants admit that Plaintiff purports to have a PhD in Statistics, an MS in Mathematics, and a BS in Mathematics.

9. Hernandez is of Mexican ancestry.

RESPONSE: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 9.

10. Hernandez applied to Civis in February of 2014.

RESPONSE: Defendants admit that Plaintiff applied to Civis on January 29, 2014.

11. He was not hired until May 19, 2014.

RESPONSE: Defendants admit the allegations in Paragraph No. 11.

12. Civis delayed in hiring him because he is of Mexican descent.

RESPONSE: Defendants deny the allegations in Paragraph No. 12.

13. Hernandez negotiated directly with FU over his starting salary.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 13.

14. After FU's and Hernandez's negotiations, Hernandez was hired at a salary of $78,000.

**RESPONSE** Defendants admit the allegations in Paragraph No. 14.

15. This salary was significantly lower than the salaries offered to his white, non-Hispanic peers.

**RESPONSE** Defendants deny the allegations in Paragraph No. 15.

16. FU also wrote in an email to a Civis employee that he was responsible for lowering salaries at CIVIS after becoming the CFO. In fact, he bragged that he had lowered salaries.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 16.

17. FU was responsible for determining employee salaries at Civis, including Hernandez.

**RESPONSE:** Defendants admit that Defendant Fu, along with other employees of Defendant Civis, helped to determine the salaries of employees. Defendants deny the remaining allegations in Paragraph No. 17.

18. Accordingly, Fu was directly and personally responsible for the decision to pay Hernandez less than his white, non-Hispanic peers.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 18.

19. Despite a pay raise in early 2015, Hernandez continued to be paid less than comparable (or less qualified) white, non-Hispanic employees at Civis.

**RESPONSE:** Defendants admit that Plaintiff received a pay raise in February 2015. Defendants deny the remaining allegations in Paragraph No. 19.

20. Fu, as the CFO, the person who set Hernandez's starting salary, and the person who admittedly lowered salaries at Civis, was either responsible for or aware of the fact that Hernandez continued to be paid less than comparable (or less qualified) white, non-Hispanic employees at Civis.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 20.

21. Hernandez continued to be discriminatorily paid less than those employees until he quit.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 21.

22. During Hernandez's employment, Fu revealed his animus toward Hispanics in a variety of ways. As one example, when an employee sent him a message in Spanish, he replied "I don't speak poor what does that mean?"

**RESPONSE:** Defendants deny the allegations in Paragraph No. 22.

23. Animus was also shown by a Vice President and Co-Founder. In a conversation Hernandez had with her about hiring more diverse staff in late January 2015, she said CIVIS cannot afford to "train people on the job," showing that CIVIS as a company presumes that minorities are less competent than non-Hispanic whites and will need more training. (Meanwhile, non-Hispanic white males were trained on the job and no one said that doing so was a waste of time or resources).

**RESPONSE:** Defendants deny the allegations in Paragraph No. 23.

24. In early February 2015, several white, non-Hispanic men were promoted.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 24.

25. Hernandez was not promoted although he was just as qualified as they were, if not more so.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 25.

26. Animus at Civis was further shown in late February 2015, when the VP of Research and Development heard a co-worker tell Hernandez he had a "fake Mexican last name," implying that he thought Hernandez did not qualify as being a "real" Mexican. This VP did nothing in response to this comment.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 26.

27. Hernandez quit in May 2015.

**RESPONSE:** Defendants admit the allegations in Paragraph No. 27.

28. During the entirety of his employment with Civis, Hernandez met its legitimate business expectations.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 28.

29. In fact, he often exceeded these expectations, and was more qualified than a number of Civis employees senior to him.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 29.

30. The actions and omissions of Civis and Fu violate 42 U.S.C. § 1981.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 30.

31. Specifically, the actions and omissions of FU violate 42 U.S.C. § 1981 because he was personally responsible for Hernandez's discriminatorily unequal pay, and the actions and omissions of CIVIS violate 42 U.S.C. § 1981 because it was responsible for Hernandez' discriminatory delay in hiring, discriminatorily unequal pay, and its decisions to discriminatorily promote others and not Hernandez.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 31.

32. As a result of defendants' actions, Hernandez has suffered lost earning potential and emotional distress and has had to hire an attorney to help him remedy the violation of his federally protected rights.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 32.

33. Defendants' actions were done with reckless indifference to Hernandez's rights and necessitate an award of punitive damages to punish them and others like them from committing such conduct in the future.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 33.

WHEREFORE plaintiff requests that judgment be entered in his favor and against defendants and that he be awarded all remedies to which he is entitled under the law, including but not limited to compensatory damages, punitive damages, and attorney's fees and costs.

**RESPONSE**: Defendants deny that they engaged in any unlawful conduct and further deny that Plaintiff is entitled to any damages.

## JURY TRIAL DEMAND

The plaintiff demands trial by a jury.

**ANSWER:** Defendants admit that Plaintiff demands a trial by jury, but deny that Plaintiff's claims give rise to triable issues.

## AFFIRMATIVE AND OTHER DEFENSES

1. Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions or inaction.

2. To the extent any alleged intentional discriminatory conduct was committed by Defendants' agents (which Defendants deny), said conduct was outside the scope of the agent's authority and was contrary to Defendants' good faith efforts to comply with federal and state law.

3. To the extent that Defendants engaged in any unlawful conduct in connection with Plaintiff's employment (which Defendants expressly deny), Defendants would have engaged in the same course of conduct based on legitimate, non-discriminatory reasons.

4. Plaintiff did not suffer any damages attributable to any actions or omissions by Defendants.

5. Plaintiff cannot recover punitive damages because, at all relevant times, Defendants made a good-faith effort to comply with all applicable discrimination statutes.

6. Any recovery on Plaintiff's Complaint is barred on the grounds that Plaintiff has unclean hands with respect to the matters alleged in the Complaint.

7. Plaintiff's recovery is limited to the extent that he failed to mitigate his damages.

8. Defendants reserve the right to assert additional defenses that become known through the course of litigation.

WHEREFORE, Defendant Civis Analytics, Inc. and Defendant Alan Fu deny that Plaintiff is entitled to judgment in any sum whatsoever and pray that this action be dismissed and that Defendants be awarded their costs and attorneys' fees incurred in obtaining such dismissal and any other relief that the Court deems just and appropriate.

Dated: December 23, 2015  **CIVIS ANALYTICS, INC.**

By: /s/ Nadine C. Abrahams
One of Its Attorneys

Nadine C. Abrahams
Natalie S. Federle
Jackson Lewis P.C.
Firm #39408
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel: 312.787.4949
Fax: 312.787.4995
Email: abrahamsn@jacksonlewis.com
natalie.federle@jacksonlewis.com

# CERTIFICATE OF SERVICE

I, Nadine C. Abrahams, an attorney, certify that on this 23rd day of December 2015, a true and correct copy of the foregoing **Defendants' Answer and Defenses to Plaintiff's Amended Complaint** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record for Plaintiff, including:

>Julie O. Herrera
>Law Office of Julie O. Herrera
>53 W. Jackson
>Suite 1615
>Chicago, IL 60604
>(312) 697 0022
>Fax: 312-697-0812
>Email: jherrera@julieherreralaw.com


/s/ Nadine C. Abrahams